**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
PENNY BROWN,                  :
     Plaintiff,              :
                              :      CIV. NO. 3:03CV01441(AWT)
v.                            :
                              :
CAROLE PANNOZZO,             :
     Defendant.             :
                              :
------------------------------x
```

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Penny Brown ("Brown"), claims that the
defendant, Carole Pannozzo ("Pannozzo"), retaliated against Brown
for exercising protected speech in violation of the First
Amendment (the "First Amendment Claim"). Brown also claims that
she was subjected to disparate treatment because of her race in
violation of the equal protection clause of the Fourteenth
Amendment (the "Equal Protection Claim). Pannozzo has moved for
summary judgment on both claims, and her motion is being granted.

## I.   FACTUAL BACKGROUND

Brown is a white female employed by the Bridgeport Board of
Education (the "Board") as a secretarial assistant in the Office
of Operations. Prior to working in her current position, Brown
worked for the Board in the same job classification but in the
Office of Human Resources. She held that position from

approximately November 1995 through December 2002 when, at her request, she was given a transfer to the Newfield School. Six months later, she went to work in her current position.

Pannozzo is the Director of the Office of Human Resources for the Board. Pannozzo has been in her current position since April 2002, although she was Interim Director from April 2002 until May 2003. Thus, Pannozzo was Brown's supervisor for approximately nine months, from April 2002 through December 2002. Pannozzo is a white female.

Brown claims that before May 2000, she always received high evaluations from her supervisors. On May 23, 2000, Brown filed a written complaint with her superiors against another Board employee, Lamar Bostic ("Bostic"). Brown's complaint was that Bostic had directed a loud racial slur towards her. At all relevant times, Bostic was a clerical assistant and clerical specialist in the Office of Human Resources. Bostic is an African-American female.

City of Bridgeport Labor Relations Officer David Dunn investigated Brown's complaint, determined that Bostic had uttered the racial slur, and recommended that Bostic be suspended without pay for a period of 30 days.

Brown contends that after the incident, Pannozzo began retaliating against Brown for having made the complaint against Bostic. Brown asserts that the retaliation "consisted of

unjustified criticisms of [Brown]'s work, the application of
undue pressure upon [Brown] to produce work far beyond the
capacity of any one person, and less than favorable evaluations."
(Pl's Compl. (Doc. No. 1) at 3.)

## II.   LEGAL STANDARD

A motion for summary judgment may not be granted unless the
court determines that there is no genuine issue of material fact
to be tried and that the facts as to which there is no such issue
warrant judgment for the moving party as a matter of law.  Fed.
R. Civ. P. 56(c).  See Celotex Corp. v. Catrett, 477 U.S. 317,
322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d
1219, 1223 (2d Cir. 1994).  Rule 56(c) "mandates the entry of
summary judgment . . . against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial."  See Celotex Corp., 477 U.S. at
322.

When ruling on a motion for summary judgment, the court must
respect the province of the jury.  The court, therefore, may not
try issues of fact.  See, e.g., Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire
Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce &
Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975).  It is
well-established that "[c]redibility determinations, the weighing

of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Id. As the Court observed in Anderson: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted.

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most

favorable to the non-movant and . . . draw all reasonable inferences in its favor."  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).  Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion.  Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence.  "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment.  Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)).  Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant.  Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists.  See Celotex Corp., 477 U.S. at 324.  "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," Weinstock, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the

nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993) (quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted.

## III. DISCUSSION

### A. Equal Protection Claim

In her opposition to the motion for summary judgment, Brown concedes that the evidence does not support an equal protection claim. Accordingly, the defendant's motion for summary judgment is being granted with respect to the Equal Protection Claim.

### B. First Amendment Claim

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, -- U.S. --, --, 126 S.Ct. 1951, 1960 (2006). However, when the public employee is speaking as a citizen and not pursuant to her official capacity, as is the case here, she generally may not be punished "in retaliation for the content of

-6-

[her] speech on [a] matter[] of public importance."  Skehan v.

Village of Mamaroneck, 465 F.3d 96, 105-06 (2d Cir. 2006).

The Second Circuit applies a three-prong test to evaluate

First Amendment retaliation claims.  "In order to establish a

First Amendment retaliation claim, [a] plaintiff[] must prove

that: (1) [she] engaged in constitutionally protected speech . .

. on a matter of public concern; (2) [she] suffered an adverse

employment action; and (3) the speech was a 'motivating factor'

in the adverse employment decision."  Id. at 106 (quoting

Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005)).

Brown has not met her burden with respect to the second

prong of the test.  The Second Circuit has noted that, in the

context of a First Amendment retaliation claim, "[a]dverse

employment actions include discharge, refusal to hire, refusal to

promote, demotion, reduction in pay, and reprimand . . .

[although] lesser actions may also be considered adverse

employment actions.  Adverse employment actions may include

negative evaluation letters, express accusations of lying,

assignment of lunchroom duty, reduction of class preparation

periods, failure to process teacher's insurance forms, transfer

from library to classroom teaching as an alleged demotion, and

assignment to classroom on fifth floor which aggravated teacher's

physical disabilities."  Zelnick v. Fashion Inst. of Tech., 464

F.3d 217, 226 (2d Cir. 2006).  Here, Brown has alleged

retaliation in the form of an unduly heavy workload and a critical and unfavorable employment evaluation. However, Brown conceded during her deposition that Pannozzo was not responsible for Brown's increased workload. (See Def's Mem. in Supp. of Summ. J. ("Def's Mem.") (Doc. No. 24), Ex. A at 61.) Furthermore, Pannozzo's evaluation of Brown noted an overall rating of "good" and contained largely positive comments. (Def's Mem. Ex. B at 1-3.) Thus Brown has failed to create a genuine issue as to whether she was subjected to an adverse employment action. Because there was no adverse employment action, Brown has not established that her First Amendment rights were violated, and Pannozzo is entitled to summary judgment on this claim.

**V. CONCLUSION**

For the reasons set forth above, defendant Carole Pannozzo's Motion for Summary Judgment (Doc. No. 24) is hereby GRANTED. Judgment shall enter in favor of Carole Pannozzo.

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of September, 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
